INHABITANTS OF CHESHIRE *vs.* INHABITANTS OF SHUTESBURY

A. and B., tenants in common of land, made partition by deed : A. quitclaimed to B. by metes and bounds, "forty seven and a half acres and twenty rods, excepting one half of the road ; also all of the upper part of the house and half of the cellar, ex cept the east great room ; also all the north part of the great barn, to the middle of the floor," &c. : B. quitclaimed to A., by metes and bounds, the same number of acres and rods, "except half the road ; also one half of the house, containing all of the lower part, except one half of the cellar ; also the said A. is to have the east great room, and the east part of the great barn, to the middle of the barn floor, the line to run east and west through the barn floor." *Held*, that by these deeds the buildings were divided so as to be held in severalty, and that the land under the north part of the barn passed to B.

ASSUMPSIT to recover the amount of expenses incurred by the plaintiffs in the support of Leonard Briggs, a pauper. The only question in the case was, whether the settlement of said Briggs was in the town of Shutesbury. This question was submitted to the court on the following statement of facts :

The settlement of said Leonard Briggs is in the town of Shutesbury, unless he acquired a settlement in the town of Savoy by virtue of a deed from Daniel Sturtevant to Josiah Briggs, father of said Leonard, dated February 12th 1829, conveying the following described premises : "All of the upper part of the house and half of the cellar, except the east great room ; also the north part of the great barn, to the middle of the floor, with a privilege of a barn yard, and a privilege round the house for wood-house and wood-pile, all said buildings standing on the land formerly owned by James Sturtevant, now owned by Borden ; it being the same buildings and privileges that the said James Sturtevant quitclaimed to me, the said Daniel Sturtevant."

The said Josiah Briggs was a citizen of this Commonwealth, and after he was twenty one years of age resided on and occupied the above described premises, claiming title under said deed, three years successively ; and the said Leonard Briggs afterwards died under the age of twenty one years, never having gained a settlement in his own right.

It was agreed that if, upon the foregoing statement, taken in connexion with the deeds of conveyance set forth in the mar

Inhabitants of Cheshire *v.* Inhabitants of Shutesbury.

gin, * the plaintiffs were entitled to recover, judgment should be endered for them ; otherwise, that they should become nonsuit.

*Harmon,* for the plaintiffs.

*Sayles & Dawes,* for the defendants.

WILDE, J. In this case, it is agreed by the parties that the settlement of the pauper, Leonard Briggs, for whose support

* On the 25th of January 1815, Bethuel Borden, by deed of that date, con veyed to Daniel Sturtevant and James Sturtevant " the following parcel of land situate in Savoy, bounded as follows; beginning at the north west corner of Jacob Blake's farm, thence north," ( giving courses and distances,) " containing ninety five acres and fifty rods; except the land which I gave for half the road ; meaning my homestead farm, with all the buildings thereon standing."

On the 1st of June 1819, James Sturtevant made a quitclaim deed to Daniel Sturtevant of the following described real estate : " A certain tract of land, ly.ng in Savoy, bounded as follows, viz. beginning at the middle way of the east side of the B. Borden farm, so called, in the line of Jacob Blake's farm; thence north," (giving courses and distances,) " containing forty seven and a half acres and twenty rods ; excepting one half of the road ; also all of the upper part of the house and half of the cellar, except the east great room; also all the north part of the great barn to the middle of the floor, and the whole of the little barn, with a privilege of a barn yard and a privilege round the house for wood-house and wood-pile. Also fifty acres adjoining on the south line of said farm that was deeded by Bethuel Borden to said Daniel Sturtevant." On the same 1st of June 1819, said Daniel Sturtevant made a quitclaim deed to said James Sturtevant, of real estate thus described : " A certain tract of land lying in Savoy, bounded as follows, viz. beginning at the north west corner of Jacob Blake's farm, so called ; thence north," (giving courses and distances,) " containing forty seven and a half acres and twenty rods, except half the road ; also one half of the house, containing all of the lower part except one half of the cellar ; also the said James is to have the east great room and the east part of the great barn to the middle of the barn floor, the line to run east and west through the barn floor; also a certain tract of land that was deeded from Rufus Wescott to me the said Daniel Sturtevant."

On the 13th of October 1819, said Daniel Sturtevant conveyed by deed to Lu cy Slocum and Arnold Slocum, the following described real estate : " A certain tract of land lying in Savoy, to wit, that tract which James Sturtevant conveyed to me by deed bearing date June 1st 1819, reference being had to that for further particulars." On the 23d of June 1821, said Arnold Slocum released to said Lucy Slocum all his title to the estate described in the deed last mentioned On tne 1st of September 1823, said Lucy Slocum conveyed to said Daniel Sturtevant " about forty seven acres of land situate in Savoy, being the same that was conveyed to said Daniel by James Sturtevant."

On the 16th of March 1821, said James Sturtevant, by his deed of that date, conveyed the following described real estate to Bethuel Borden : " A certain tract of land, lying in Savoy, bounded as follows, viz. beginning at the north west corner of the farm formerly owned by Jacob Blake ; then running north," (giving

this action was brought, is in the defendant town, unless he ac-
quired a settlement in another town, by virtue of a deed from
one Daniel Sturtevant to Josiah Briggs, his father ; and the
question, whether a settlement has been thus acquired, depends
on the construction to be given to the several deeds which are
made a part of the case.

It is not questioned that if Daniel Sturtevant had a title to

courses and distances,) " containing forty seven and a half acres and twenty rods,
except half the road ; also one half of the house containing all of the lower part ex-
cept one half of the cellar ; also the said Bethuel is to have the east great room
and the east part of the great barn to the middle of the barn floor ; also a certain
tract of land that was deeded from Rufus Wescott to Daniel Sturtevant, and from
said Daniel to me the subscriber."

The half of the house, cellar, east room, &c. mentioned in this last deed, are
parts of the house, &c. mentioned in the aforesaid deed of James Sturtevant to
Daniel Sturtevant.

On the 1st of September 1823, said Daniel Sturtevant mortgaged to said Lucy
Slocum " about forty seven acres of land in Savoy, on the west side of the road
leading from Baker's to Philip Russell's, being the same that I formerly purchased
of James Sturtevant by deed on record ; reference to be had to said deed for a more
particular description."    The condition of this mortgage was, that said Daniel
should, in three years, pay off a mortgage on fifty acres of land that he had con-
veyed to said Lucy, by deed of warranty, while said land was under a previous
mortgage from him to Jonathan Bond.

On the 20th of October 1826, said Daniel Sturtevant conveyed to said Lucy
Slocum the following described real estate :  " A certain tract of land lying in
Savoy, bounded as follows ; beginning at the middle way of the east side of the
Bethuel Borden farm, so called, thence north," (giving courses and distances,)
" containing forty seven and a half acres and twenty rods, except one half of the
road ; it being the same land that I, the said Daniel Sturtevant, mortgaged to the
said Lucy Slocum the 1st day of September, in the year of our Lord one thousand
eight hundred and twenty three."    On the same 20th of October, said Lucy Slo-
cum quitclaimed to said Daniel Sturtevant " a certain tract of land in Savoy,
beginning at the south east corner of the farm that Bethuel Borden deeded to
Daniel and James Sturtevant, thence running," (giving courses and distances,)
" being fifty acres ; it being the same land that the said Daniel Sturtevant deeded
to me, Lucy Slocum, and Arnold Slocum, and the same land that the said Daniel
mortgaged to Jonathan Bond ; and furthermore, I do quitclaim all my right in the
buildings and premises thereto belonging, that the said Daniel formerly deeded to
me the said Lucy, and Arnold Slocum."

On the 1st of September 1827, the said James Sturtevant gave to the said
Bethuel Borden a deed of " the following described land, situate in Savoy, to
wit, being one half of a tract of land which the said Borden formerly owned and
sold to me the said James and to Daniel Sturtevant, being forty seven and a half
acres, more particularly described in a deed from me to said Borden, dated 16th
March 1821 "

the estate conveyed to Josiah Briggs, his title passed to the grantee by that conveyance. By the grant of a dwelling-house, the land under it passes, as necessary to its use and enjoyment. 2 Met. 598. By this deed, not only a part of the house and barn, described in the deed, was conveyed, but also one half of the cellar; which undoubtedly passed an interest in the land.

But the plaintiffs' counsel contends that Daniel Sturtevant had no title to the land, and consequently that nothing passed by his deed. Admitting this, still if Josiah Briggs entered under said deed, claiming title thereby, and occupied the premises for three years successively, as it is agreed he did, he acquired a title by disseizin, and the question then would be, whether an estate thus wrongfully acquired would be sufficient whereby he could gain a settlement under *St.* 1821, *c.* 94, § 2, and Rev. Sts. *c.* 45. But it is not necessary to consider this question ; for we are of opinion that Daniel Sturtevant had a good title to the estate conveyed to Briggs. On the 21st of June 1815, Bethuel Borden conveyed his homestead farm, with the buildings thereon, to the said Daniel Sturtevant and James Sturtevant, and they held the same in common until June 1st 1819, when they made partition of the same, by mutual deeds of release, by which the said Daniel released to the said James forty seven and a half acres on which the buildings stood, and the said James released the residue to the said Daniel. By the said deeds they also divided the buildings, so as to hold the same in severalty ; and the plaintiffs' counsel contends that by these deeds the whole title and interest in the land on which the buildings stood vested in James, although Daniel had a right to the use and occupation of his part of the buildings. But we think this is not the true construction of the deeds. The deeds are unskilfully drawn ; but by the deed of James, he released and sold to Daniel the same estate which Daniel afterwards conveyed to Briggs, and both of these deeds must receive the same construction. By the grant of the north part of the great barn to the middle of the floor, an interest in the land under it passed to Daniel Sturtevant, in severalty ; and by the grant of the several rooms in the dwelling-house and one half of the cellar, an interest in the land

under the dwelling-house passed to Daniel, in common with the grantor. But whether, by this grant, an interest in the land passed in severalty or in common, is immaterial in the present case. The deeds also from Daniel Sturtevant to Lucy Slocum and Arnold Slocum are immaterial, as the estate thereby conveyed was reconveyed to Daniel Sturtevant before his convey. ance to Briggs.

*Plaintiff's nonsuit*